IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| TINA A. GONZALEZ, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:09-CV-70-CDL-GMF |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |

## REPORT AND RECOMMENDATION

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ) determination, denied Claimant's application for social security disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social

Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1, *et seq*.

Under the regulations, the Commissioner uses a five-step procedure to determine if

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

a claimant is disabled. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I.      **Whether the ALJ erred by failing to order an updated psychological evaluation of Claimant?**

II.     **Whether the ALJ erred by failing to have a Vocational Expert testify at Claimant's hearing?**

**Administrative Proceedings**

Claimant protectively filed the current application for disability benefits on May 26, 2004. (T-18). Claimant's application was denied initially and on reconsideration. *Id*. Claimant then filed a request for a hearing before an ALJ, which was held on August 6, 2008, in Athens, Georgia. (T-423-440). The ALJ found that Claimant was not disabled in a decision dated September 15, 2008. (T-18-25). The Appeals Council thereafter denied Claimant's requested review of the ALJ's findings, making the ALJ's decision the final decision of the Commissioner. (T-6-8).

**Statement of Facts and Evidence**

Claimant alleges disability beginning on January 1, 1994, due to ADHD and bi-polar disorder. (T-113). After examining the medical records, the ALJ determined that Claimant suffers borderline intellectual functioning, ADHD and bi-polar disorder, impairments which he found to be severe within the meaning of the Regulations but not severe enough to meet, or medically equal, any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T-20). After a thorough review of the record, the ALJ found that Claimant has the residual functional capacity (RFC) to perform work at all exertional levels, with non-exertional limitations of work with short and simple instructions, with occasional problems interacting with people. (T-21). Considering the Claimant's age, education, work experience (no past relevant work) and residual functional capacity, the ALJ determined that Claimant was not disabled. (T-24).

**DISCUSSION**

**I.    Did the ALJ err by failing to order an updated psychological evaluation of Claimant?**

In her first enumeration of error, Claimant contends that the ALJ improperly failed to order an updated psychological evaluation of Claimant.   (R-9, p. 8).   Specifically, Claimant argues that because her mental condition was deteriorating, the ALJ should have recontacted her treating physician, Dr. Shapiro, for an updated opinion. *Id.*

It is true that because a hearing before an ALJ is not an adversary proceeding, an ALJ has a basic duty to develop a full and fair record.  When a claimant is not represented by counsel and has not waived the right to counsel, the ALJ has a special duty to ensure that favorable as well as unfavorable facts and circumstances are elicited for review.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981); *see also Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982); *McConnell v. Schweiker*, 655 F.2d 604, 606 n.2 (5th Cir. 1981).  In the instant action, the record demonstrates that Claimant was represented by counsel.  Thus, the ALJ's duty was not a special duty.  Even in the case of a special duty, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record."  *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997).

Also falling under the duty to fully develop the record, the ALJ has an obligation to contact (or recontact) Claimant's treating physician. The applicable code section is 20 C.F.R. § 416.912(e), which states:

> (e) *Recontacting medical sources.*  When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.
> (1)  We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.  We may do this by requesting copies of your medical sources's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. . . .
> (2)  We may not seek additional evidence or clarification from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings.

20 C.F.R. § 416.912(e).  Subsection (e) specifically states that medical sources will be recontacted when the evidence is inadequate or too ambiguous to determine whether a claimant is disabled.

In step five, the burden temporarily shifts to the Commissioner to produce evidence that there is other work available in significant numbers in the national economy that the claimant has the capacity to perform.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).  Otherwise, the burden of establishing disability is on the claimant.  *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973).  If Claimant believed that medical evidence was missing from the record, then the burden was upon him to bring forth this evidence.  The ALJ must order consultative exams and tests only when they are required in order to make an

informed decision. *Reeves v. Heckler*, 734 F.2d 519, 522 (11th Cir. 1984). However, an ALJ is not required to order additional consultative examinations if he does not find them necessary to make an informed decision.

In this case, the Court does not observe the kind of evidentiary gaps that would result in unfairness or clear prejudice sufficient to justify remand. A review of the ALJ's analysis, as well as the medical records, fails to establish that Claimant's condition was deteriorating, thus necessitating further psychological evaluation. Although Claimant states that the ALJ erred, she has failed to provide any evidence that the record was inadequate for the ALJ to make a determination. Substantial evidence supports the ALJ's findings, and the alleged inconsistencies identified by Claimant do not rise to the level of disturbing the reasonableness of this finding.

**II.    Did the ALJ err by failing to have a Vocational Expert testify at Claimant's hearing?**

Claimant next argues that the ALJ erred in failing to consult a vocational expert in her case. (R-9, p. 9). Specifically, she contends that the ALJ's determination that her non-exertional impairments had little or no effect on her ability to perform work is not based on substantial evidence, and, therefore, his exclusive reliance on the GRIDS was improper. *Id.*

The United States Supreme Court has held that "[E]xclusive reliance on the grids is appropriate in cases involving only exertional impairments (impairments which place limits on an individual's ability to meet job strength requirements)." *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Court of Appeals for the Eleventh Circuit

has further held that an ALJ may use the Grids in lieu of vocational testimony on specific jobs so long as: 1) the claimant is able to perform a full range of work at a given functional level; 2) the claimant has no nonexertional impairments that significantly limit basic work skills; and 3) the claimant has no nonexertional limitations severe enough to preclude a wide range of employment at the given exertional level.  *Martin v. Railroad Retirement Bd.*, 935 F.2d 230, 234 (11th Cir. 1991). *See also Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir. 1992).  Reliance on the grids is proper where substantial evidence supports the ALJ's determination that the claimant's non-exertional impairments did not significantly limit his ability to perform specified types of work. *Sryock v. Heckler,* 764 F.2d 834, 836 (11th Cir.1985) (per curiam).

    In this case, the ALJ stated that the opinion of the state agency medical consultants, the medical evidence, and the Claimant's subjective complaints of pain were reviewed in order to determine that her impairments, both exertional and non-exertional, would allow her to perform the requirements of all exertional levels of work. (T-21).  The ALJ determined that Claimant had no non-exertional limitations which would significantly limit her ability to perform work, and thus, use of the grids to determine disability in this case does not constitute error.  Because substantial evidence supports the ALJ's finding that the Claimant's non-exertional limitations would not "significantly limit" her ability to engage in employment, the ALJ did not err by relying on the grids to find that she was not disabled.

## **CONCLUSION**

    In reviewing the record, no evidence of error is found to substantiate the Claimant's

contentions that the ALJ committed reversible error in this case.  This Court finds that the ALJ properly evaluated the evidence of record and finds further that the decision of the ALJ is supported by substantial evidence.  Moreover, the record fails to reveal evidence of the ALJ acting outside of his judicial role in determining the extent of the Claimant's disability.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**.  Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within ten (10) days after being served a copy of this recommendation.

**SO RECOMMENDED**, this the 23rd Day of September, 2009.

S/ G. MALLON FAIRCLOTH
UNITED  STATES  MAGISTRATE  JUDGE

eSw